Mr. Marion J. Radson City Attorney City of Gainesville Post Office Box 1110 Gainesville, Florida 32602-1110
Attention: Ms. Alison E. Gerencser, Assistant City Attorney
Dear Mr. Radson:
You ask substantially the following question:
May a police department charge a fee based upon the costs related to travel time, retrieval charges and copying charges for copying public records of the department which are stored off premises in a warehouse?
In sum, I am of the opinion:
A municipal police department may not charge for travel time and retrieval costs for public records stored off-premises. If, however, the nature or volume of the records requested, rather than the location of the records, is such as to require extensive clerical or supervisory assistance or extensive use of the information technology resources, a special service charge may be imposed pursuant to section 119.07(1)(b), Florida Statutes, in addition to the actual costs of duplication.
You state that, due to space restrictions, the Gainesville Police Department maintains only the last four years of police records on-site at the police department building. Police reports older than four years are maintained at an off-site warehouse.[1]
When a request for such records is made, there is a charge by the storage company for retrieval and copying. In addition, a charge is made for the employee's time spent traveling to and from the off-site storage for retrieving the requested public records. You ask whether the police department may charge the costs for the employee to travel to and from the warehouse and for retrieving the record.
It is clear that a municipal police department is an "agency" for purposes of Chapter 119, Florida Statutes, the Public Records Law.[2] The records of the police department made or received in connection with the transaction of official business are, therefore, subject to disclosure in the absence of a statute providing for the confidentiality of such records or exempting such records from disclosure.[3]
As a general rule, public information must be open for public inspection without charge unless expressly provided by law.[4]
When a request has been made for a copy of a public record, section 119.07(1)(a), Florida Statutes, provides that the record custodian must furnish copies of records, certified or otherwise, upon payment of the "actual cost of duplication" in the event specific fees are not prescribed by law.
The phrase "actual cost of duplication" is statutorily defined to mean "the cost of the material and supplies used to duplicate the record, but it does not include the labor cost or overhead cost associated with such duplication." Thus, such items as search or exploration fees, employee time fees and the like may not be routinely charged in the absence of specific statutory authorization.[5]
Section 119.07(1)(b), Florida Statutes, however, authorizes the imposition of a special service charge when the nature or volume of the records requested to be inspected or copied is such as to require extensive clerical or supervisory assistance or extensive use of information technology resources,[6] or both. This special service charge, which must be reasonable, is to be based on the actual cost incurred for such extensive use of the information technology resources or the labor cost of the personnel providing the services actually incurred by the agency.
Whether the nature or volume of the records requested is such as to require extensive clerical or supervisory assistance or extensive use of the information technology resources is a determination which must be made on a case-by-case basis. However, the special service charge may not be routinely imposed.[7]
Moreover, the imposition of this special service charge is authorized only when the nature or volume of the records requested requires extensive clerical or supervisory assistance or extensive use of the information technology resources. Your inquiry does not appear to relate to those situations when the volume of the records requested necessitates extensive clerical or supervisory assistance or extensive use of the information technology resources. Nor can I conclude that the decision by the police department to store its older records off-site relates to the nature of the record itself, so as to justify the imposition of the special service charge. Instead, the determination to store its older records off-premises would appear to be a policy decision by the public agency as to how to maintain its public records in light of certain space restrictions.
Accordingly, I am of the opinion that where a specific fee has not been prescribed by a statute, a municipal police department may only charge the actual cost of duplication for copying public records and may not charge for travel time and retrieval costs for those records stored off-premises. In those cases where the nature or volume of the records requested, rather than the location of such records, requires extensive clerical or supervisory assistance or extensive use of the information technology resources, an additional charge may be imposed pursuant to section119.07(1)(b), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] It is presumed for purposes of this inquiry that the off-premises storage facilities are located within the municipality. See, Myakka Valley Ranches Improvement Association,Inc. v. City of Sarasota, Case No. 85-1248 CA-01 (12th Cir. Sarasota Co., May 22, 1985), in which the court, in ordering all non-exempt records of the city, or copies thereof, relating to the city's waste water treatment project, to be maintained within the city limits, stated:
"[A public agency] cannot avoid its responsibility under the Public Records Act by virtue of the fact that the records sought are located in the hands of city agents situated outside the municipal boundaries. . . . To require anyone seeking to inspect public records to travel great distances at great expense to effectuate a statutory right would be at odds with the legislative intent of Chapter 119."
[2] See, s. 119.011(2), Fla. Stat., defining "Agency" to mean "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[3] See, s. 119.07(2) and (3), Fla. Stat. And see, s.119.011(1), Fla. Stat. defining "Public records."
[4] See, State ex rel. Davis v. McMillan, 38 So. 666 (Fla. 1905); Op. Att'y Gen. Fla. 75-50 (1975).
[5] See, e.g., Op. Att'y Gen. Fla. 76-34 (1976) (the right of citizens to inspect public records may not, in the absence of statute, be conditioned upon the payment of search fees).
[6] "Information technology resources" is defined as data processing hardware and software, supplies, personnel, facility resources, maintenance and training. See, s. 282.303(10), Fla. Stat., and s. 119.07(1)(b), Fla. Stat., stating that the term "Information technology resources" shall have the same meaning as in s. 282.303(10).
[7] See, Op. Att'y Gen. Fla. 86-69 (1986). And see, Op. Att'y Gen. Fla. 84-81 (1984) in which this office stated that the imposition of the service charge for the inspection of records in not justified merely because the record contains exempted material; rather extensive clerical or supervisory assistance must be involved.